# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA

V.

SAMANTHA A. JOHNSON

CRIMINAL NO. 21-MJ-1961

## DEFENDANT'S MOTION FOR NEW TRIAL

**COMES NOW** I the Defendant Samantha Johnson by and through pro se representation with respect to the United States Constitution respectfully moves this honorable court on a Motion for a new trial pursuant to **Fed. R. Crim. P. Rule 33** as grounds, I the Defendant state the following

1. On June 30, 2021 the Defendant was "charged" by way of a three-count criminal complaint, in which the Defendant was alleged to have assaulted two United States park police officers, fleeing to elude under 36 C.F.R. §4.2. and Md. Code TR §21-904 and Aggressive driving under 36 C.F.R. §4.2 and Md. Code TR § 21-901.2. (please reference ECF No 1. filed on July 01, 2021)

2. The Defendant asserts that on July 4, 2021, the complainant in this case had her vehicle towed from N.E. Washington, DC and held in the custody of ANA towing company, for what ultimately turned out to be a money ransom by the complainant and an employee of the towing company, which is also a witness for the complainant. (Defendant has not been able to submit evidence of any sort with relations to these claims because she has been held by the government on allegations of release condition violations and has also been afforded ineffective assistance of counsel)

3. Defendant asserts that she was never served with a warrant and or summons with regards to this criminal case. (please reference the ECF)

4. Between July 07, 2021 and July 09, 2021, after contacting the Greenbelt, MD, Federal Public Defenders office regarding the theft of her vehicle, Federal Public Defender Currie Corcoran was permitted by way of the acceptance of the court to make filings on behalf of the Defendant in this case. (Please reference ECF No. 5, 6, 7, 8) The Defendant asserts that she did not file ECF No. 5, 6, 7, 8, nor did she authorize Federal Public Defender attorney Currie Corcoran to do so.

5. Federal Public Defender Currie Corcoran was not appointed to represent the Defendant until July 15, 2021.

6. The Defendant appeared before the U.S District Court for the district of Maryland before Magistrate Judge Thomas M. DiGirolamo, on an initial appearance on July 22, 2021.

7. On August 3, 2021 Federal Public Defender Currie Corcoran filed under sealed a Motion to Withdraw. The Motion was granted on August 05, 2021. (please reference ECF No. 19, 20, 21)

8. Between August 10, 2021 and August 13, 2021, there were a series of Motions and marginal Orders being filed by way of counsel for the USA and Granted by the courts, which did not provide notice of any form to the Defendant whom was pro se at the time of all actions. The Defendant was never accorded an opportunity to be heard, or to present reasons why the proposed actions, should not be taken. (Please reference ECF No. 22, 23, 24, 25, 26, 28)

9. On August 10, 2021 counsel for the USA filed a Motion for a forthwith Arrest Warrant, notice was never provided to the Defendant.

10. On August 20, 2021, the Defendant filed a Motion to Quash the forthwith Arrest Warrant and also requested a hearing before the court in attempts to address the imposed release conditions and concerns regarding the case.

11. On August 26, 2021 there was a Marginal Order issued from chambers denying the Defendants Motion to Quash. The Defendant never received Notice of the Order of denial (Please reference ECF No. 32)

12. On September 03, 2021, the ECF No 34., references a correspondent on behalf of the Defendant attempting to communicate with the U.S District court of Maryland. The correspondent includes an address change and a request for a hearing. The Defendant was under pro se representation at the time of filings ECF No. 20, 34, and 35. ECF No. 35 was filed on April 27, 2022 approximately 7 months later.

13. Between August 3, 2021 and May 06, 2022, the United States District Court for the District of Maryland and the USA attorney for the government, presented no communication, notices, or correspondence of any sort, to the Defendant who was pro se from August 5, 2021 until May 11, 2022. Proceedings were still taking place in this case; however, the Defendant was neither notified or accorded an opportunity to be heard or present any Defense on her own behalf. (Please reference the ECF filings between August 05, 2021 and May 06, 2022)

14. The Defendants initial appearance was on July 22, 2021. From July 22, 2021 until the Defendant's arrest on May 04, 2022, The Defendant was neither scheduled for a trial or

preliminary examination, which are both required under the U.S code, and federal rules of criminal procedure.

15. On May 04, 2022 the Defendant was arrested by U.S. Marshal on an arrest warrant, that was issued on August 13, 2021, however when the Defendant was brought before the court the Defendant was informed that she was there for a Detention Hearing. The Defendant was not given prior notice of the hearing.

16. On May 06, 2021 the Defendant was ultimately found guilty of having violated release conditions, by way of false, misleading, illegal evidence and illegal use of evidence by the government and the pretrial services agency and agents. The Defendant was detained into the custody of the U.S Marshal and held at the District of Columbia Department of Corrections until trial. (Please Reference ECF filings No. 16, 17, 24)

17. The Defendant was schedule for trial on August 5, 2022. Despite the fact that the Defendant exercised her right to a speedy trial on July 22, 2021.

18. The Defendant asserts that On August 4, 2021, the day before her trial, the Defendant received a visit at the Jail from her appointed counsel at the time Michael Lawlor's, legal partner (name unknown), advising the Defendant of an "alleged" Plea that was sent to him by way of email from the government. The legal partner was admin in stating that the plea was a great plea, because the government was offering only 6 months, with a credit of time served, and that the Defendant would be able to go home.

19. On August 5, 2022, the Defendant pled guilty to what she ultimately believed was a binding agreement between her and the government. Prior to the Defendant's plea of guilty she was not made aware or privileged in anyway to the fact that the plea agreement would not be binding by the court, and that the plea was never actually put in writing.

20. On August 5, 2022 the Defendant asserted her innocents to the allegations/charges," I didn't hit him", I did not hit him with my car" and her want of a trial "I would like to have a trial, please." (Please reference ECF No. 81 "Plea Hearing Transcripts") (Please reference for Defendants assertions ECF No. 81 pg. 31 paragraph 11-20) (Please reference for Defendant's assertions ECF No. 81 pg. 32 paragraph 12, 15) (Please reference ECF No. 81 pg. 34 paragraph 16).

21. On September 2, 2022, The Defendant again attempted to communicate to the court with regards to legal discrepancy with regards to the plea of guilt and the fact that she was manipulated and vindictively tricked into accepting guilt by way of a promise to go home, and threats of losing her case if she went to trial. The Defendant presented claims of ineffective assistance of counsel. On

September 2, 2022, defense counsel Michael Lawlor, was withdrawn from the case based up Defendants claims

22. On September 2, 2022, The Defendant asserted before the court trauma and fear that she was battling with regards to the case, and her belief of being kidnapped. The Defendant asserted Constitutional right violations, and multiple claims of ineffective assistance of counsel.

23. On September 23, 2022, The Defendant motioned the court to Withdraw her plea and requested a trial, unfortunately the Magistrate Judge denied her Motion.

*Conclusion*

Procedural Due Process is and should be a constitution guaranty to all individuals, that the individual will not suffer a burden by an unfair procedure under the law or failing to follow procedures governed under the law. Any process that adjudicates a particular individual right or interest or that creates a rule regulating a particular activity or conduct is subjected to Procedural Due Process. Procedural Due Process refers to the Constitutional requirement that when the Federal Government acts in such a way that denies a citizen of life, liberty, or property interest, the person must be given notice, the opportunity to be heard and a decision by a neutral decision maker.

The Defendant has in all ways tried very hard to put forth great effort to assert her innocence, and to address the court with respect to the prejudice procedures that have taken place throughout the cases entirety. Permitting a Federal Public Defender to essentially act as a private counsel and make filings before the court on behalf of a Defendant whom, has not even been served or presented before the courts is bias. The Due Process Clause of the United States Constitution prohibits courts from exercising personal jurisdiction over a defendant unless the Defendant has proper notice of the court's proceedings, this rule is meet through service of process. Multiple hearings and proceedings took place in the beginning stages of this case without notification to the Defendant. This cases entirety has been prejudiced towards the Defendant, in which the Defendant has had all of the constitutional rights that apply to being free to life and liberty completely stripped for no just cause, other than the assumption that it is because of the allegations made against her, which has caused unrepairable harm and mental anguish to the Defendant.

The Defendant was taken into custody in this case eleven months after claims of violation of release conditions. The Defendant was not notified or given a right to be heard in any of the stages or proceedings that led up to the forthwith arrest warrant being initiated and issued. The Defendant was pro se at the time, in which the Defendant should have been notified if not by the court, but by way of the moving party. The government committed perjury to obtain the arrest warrant and continued to commit perjury once the Defendant was taken into custody. 18. U.S.C §3154 is clear in its statement that "The District Court may direct that information not be collected, verified, or reported under this paragraph on individuals charged with class A misdemeanors". The government was aware that there were never any proceedings or court Orders that concluded with the Ordering of pretrial services to be involved in this case, however the government used the Defendant's vulnerabilities, indigent status and lack of, as a

means to continue with the vindictive prosecution. On May 06, 2022, while in custody the Defendant, filed with the court a financial affidavit to proceed under forma pauperis, on the affidavit the Defendant signed under duress.

Duress is defined as "any improper threat or condition, such as coercion, that limits a person's ability to think or act independently". The Defendant has been under duress of imprisonment, due to loss of liberty by way of the prosecution whom not only used illegal evidence to obtain a warrant, but was also allowed to present evidence, have hearings and not in any way allow the Defendant to participate, be heard, or present evidence on her own behalf. The District Court acted in a bias manner, by allowing these actions to take place knowing that they violated the Defendants constitutional right to due process. (The Magistrate Judge whom heard these proceedings retired during the eight-month period when there was absolutely no communication from the court in this case that period was between August 3, 2021 and May 6, 2022, the actual date of retirement is unknown).

ECF No. 37 presents that an appointment of counsel was not entered until May 11, 2022, for the Defendant, however the appointment of counsel actually took place on May 6, 2022, when the Defendant was finally brought before the courts, on the allegations of violation of release conditions. The Defendant was informed by way of the court appointed counsel that when he was given the case by the courts, the Defendant was described to him as being "bad". The appointed counsel whom was present in the court room when the U.S Marshal brought the Defendant before the court on May 6, 2022, presented no defense on behalf of the Defendant. Every Motion and even Appeal that was filed on behalf of the Defendant by the appointed counsel included errors, withheld evidence, case law that was not real, and legal arguments that were purposefully not clear or was not a legal argument at all, in attempts to continue to negatively parade the Defendant through the legal process, with the goal of making sure that the Defendants rights were violated and her legal objections go unheard. The Court Clerks have also assisted with this prejudice operation, by purposefully not sending the Defendant Orders from the court. The clerks are under immunity and held not liable when they don't send Orders from the courts, knowingly understanding that the time to challenge an Order is still required of the party regardless, as a pro se Defendant it would be extremely unlikely that the Defendant would have been aware of this information in enough time to present the argument of lack of notice or request an extension to file.

On August 05, 2022, the Defendant asserted numerous times her innocence during her plea hearing. The Defendant asserted more then enough times of her want for a trial, and a want to be heard by the court. Per the ECF No. 81, filed on September 14, 2022, which are plea hearing transcripts it is clear that the Defendant wanted to be heard, it is clear that the Defendant wanted a trial and it is clear that the Defendant asserted that she did not commit the crimes being accused against her. Relying on the Transcripts which were referenced numerous times on September 23, 2022, the last statement made by the Defendant was "I want a trial sir" (please reference ECF No. 81 pg. 34 paragraph 16).

In the light of the forgoing and the interest of justice, the Defendant humbly and respectfully request that this honorable court grant her Motion for a new trial pursuant to Fed. R. Crim P Rule 33(a)(2)

**WHEREFORE,** the Defendant request;

a. That the court grant this Motion

b. grant further relief as this court deems just and proper

Respectfully Submitted,

Samantha Johnson (Pro se)
1901 E. St S.E. Inmate ID #353080
Washington, DC 20003

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was mailed, postage prepaid, this 26, day of September, 2022, to Ellen Nazmy, ESQ., and Joel Crespo, ESQ 6406 Ivy lane suite 800, Greenbelt, Maryland 20770, 6500 Cherrywood Lane, Suite 200, Greenbelt, MD 20770.

Respectfully Submitted,

Samantha Johnson (Pro se)
1901 E. St S.E. Inmate ID #353080
Washington, DC 20003